1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | KHAMSING SITTHIDET AND
VIENGXAY SITTHIDET,

11

Plaintiffs,

12

v.

13

14 | FIRST HORIZON / METLIFE HOME
LOANS / FIRST TENNESSEE BANK
(FTB), et al.,

15

Defendants.

16

CASE NO. 12-CV-469-MJP

ORDER GRANTING FIRST
HORIZON / FIRST TENNESSEE
BANK (FTB)'S MOTION TO
DISMISS

17

18       This matter comes before the Court on Defendant First Horizon / First Tennessee (FBT)'s

19 ("First Horizon") motion to dismiss. (Dkt. No. 6.) Having reviewed the motion, Plaintiff's

response (Dkt. No. 9), Defendant's reply (Dkt. No. 13), and all the related filings, the Court

20 GRANTS Defendant's motion to dismiss.

21

**Background**

22

23       Plaintiffs, Viengxay and Khamsing Sitthidet, commenced this action against First

24 Horizon and several other parties alleging seven causes of action: (1) violations of the Truth in

ORDER GRANTING FIRST HORIZON / FIRST
TENNESSEE BANK (FTB)'S MOTION TO
DISMISS- 1

1   Lending Act ("TILA"), 15 U.S.C. § 1601; (2) violations of the Real Estate Settlement Procedures

2   Act ("RESPA"), 12 U.S.C. § 2601, et seq.; (3) violations of the Fair Credit Reporting Act

3   ("FCRA"); (4) violations of the Fair Debt Collection Practices Act ("FDCPA"), (5) violations of

4   state law under RCW 19.16., et seq.; (6) violations of the Consumer Protection Act ("CPA"); and

5   (7) fraud.

6       A.   Factual Allegations Related to Viengxay Sitthidet's Loan

7           In October 2001, Viengxay Sitthidet ("Viengxay") obtained a loan from First Horizon in

8   order to refinance his home at 1814 West Henry Street, Pasco, Washington. (Dkt. No. 1 at 7.)

9   (Id.)  Viengxay alleges two improprieties with the disclosure of the loan terms. First, Viengxay

10  expected a fixed interest rate of 5% or 5.5%, but the Defendant "never used any interest rate as

11  disclosed to him," and instead used a rate of 8.1% or higher.  (Id.) Second, because of the

12  increased interest rate, Viengxay's monthly payment was $76.06 greater than the payment

13  estimate provided by First Horizon on the TILA disclosure. (Id. at 8.)

14          By January of 2008, Viengxay states that he "knew something was wrong with his loan"

15  because the principle was decreasing at a slower than expected rate. (Id.) To rid himself of the

16  loan, he paid it off using his 401k. (Id.) In 2009, he "learned that he was ripped off." (Id.) To

17  gain more information about his loan, in May 2011, Viengxay sent a letter to First Horizon

18  demanding they reproduce his original loan documents. (Dkt. No. 1 at 13.) First Horizon did not

19  respond to this request. Viengxay then commenced this action with his brother, Khamsing, in

20  2012. (Id.)

21      B.   Factual Allegations Related to Khamsing Sitthidet's Loan

22          In November 2003, Khamsing Sitthidet ("Khamsing") acquired a loan from Flagstar

23  Bank for a piece of real property located at 12405 141st Place SE, Renton, Washington. (Dkt. No.

24

ORDER GRANTING FIRST HORIZON / FIRST
TENNESSEE BANK (FTB)'S MOTION TO
DISMISS- 2

1 at 17.) He alleges there were four defects with the loan disclosures: (1) the documents did not use Khamsing's legal name; (2) the lender did not pay for the appraisal fee; (3) the loan was understated; and (4) the lender failed to deliver a Notice of a Consumer's Right to Rescind as required by TILA. (Id.)

In 2005, Flagstar transferred the loan to First Horizon. (Dkt. No. 1 at 17) Khamsing alleges servicing problems and fraudulent escrow practices began at this time. (Id.) Due to these concerns, Khamsing notified First Horizon of his intent to rescind his loan in September 2010 and then again on October 4, 2010 through service of a Notice of Loan Rescission on First Horizon's attorney. (Id. at 18.) First Horizon did not rescind his loan, and instead sold the loan to another servicer. (Id.) Khamsing charges that this action further violated TILA. He also contends that First Horizon violated RCW 19.16, et seq., FDCPA, and TILA through the use of threats to enforce a wrongful debt. (Id.)

Khamsing has filed two other actions against First Horizon. First, on April 23, 2010, he filed a proceeding in the U.S. District Court for the Western District of Washington. The action was dismissed for a lack of subject matter jurisdiction. Second, on July 9, 2010, Khamsing filed suit in King County Superior Court, which Khamsing voluntarily dismissed. Khamsing and his brother Viengxay then filed this action in April 2012.

**Analysis**

A.  Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). This entails "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

1  will not do." <u>Twombly</u>, 550 U.S. at 570. Instead, "a claim has facial plausibility when the

2  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3  defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.

4      Plaintiffs contend in their reply that the standard is "no set of facts." (Dkt. No. 9 at 10.)

5  This law, however, is no longer valid. <u>Iqbal</u>, 556 U.S. at 670.

6      B.  <u>TILA</u>

7      Plaintiffs' claims for rescission and damages under TILA were filed too late and must be

8  dismissed.

9      When a borrower alleges improper notice of a right to rescission under TILA, the right to

10  rescission expires three years after the start of the loan transaction or the sale of the property,

11  whichever occurs first. 15 U.S.C. § 1635(f). In <u>Beach v. Ocwen Federal Bank</u>, the Supreme

12  Court found that "section 1635(f) completely extinguishes the right of rescission at the end of the

13  3 year period." 523 U.S. 410, 412 (1998). Thus, a party has no ability to seek an exception to

14  the time limit to extend that period. <u>See</u> <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164-

15  65 (9th Cir. 2002).

16      A claim for monetary damages under TILA may be brought within one year of the

17  occurrence of the violation. 15 U.S.C. §1640(e). Generally, the statute of limitations begins

18  accruing at the start of the transaction. <u>King v. California</u>, 748 F.2d 910, 915 (9th Cir. 1986).

19  Yet, in appropriate circumstances, the doctrine of equitable tolling may "suspend the limitations

20  period until the borrower discovers or had reasonable opportunity to discover the fraud or

21  nondisclosures that form the basis of the TILA action." <u>Id.</u> at 914–15.

22      Plaintiffs' claims for rescission under TILA were filed too late. Viengxay obtained his

23  loan in 2001 and did not file suit until eleven years later in 2012. (Dkt. No. 1 at 7). Khamsing

24

ORDER GRANTING FIRST HORIZON / FIRST
TENNESSEE BANK (FTB)'S MOTION TO
DISMISS- 4

1 | obtained his loan in 2003 and did not file suit until nine years later. (Dkt. No. 1 at 18.) Both

2 | claims were filed after the three year statutory period, ending the right to rescission.

3 |      In addition, Plaintiffs' claims for damages under TILA were filed too late. Viengxay

4 | asserts he knew something was wrong with his loan by January 2008. (Dkt. No. 1 at 8.) A year

5 | later, in 2009, he was fully aware of the problems associated with his loan. (Id.) He did not file

6 | suit until at least three years later. Similarly, Khamsing was aware of a problem with his loan at

7 | least two years before this action as evidenced by his initial suit against First Horizon in 2010.

8 | (Dkt. No. 6 at 6.) Even if the court considers equitable tolling applies, both claims were still filed

9 | more than one year after Plaintiffs discovered the loan improprieties making Plaintiffs' claims

10 | time-barred.

11 |      The Court GRANTS Defendant's motion and DISMISSES Plaintiffs' TILA claims in full

12 | with prejudice.

13 |    C. RESPA

14 |      Plaintiffs' also filed their claims under RESPA too late.

15 |      A RESPA claim stemming from improper disclosure of loan terms under section 2605(a)

16 | must be brought within three years of the start of the loan. 12 U.S.C. § 2614. All other claims,

17 | which are laid out in sections 2605, 2607, 2608, are subject to a one-year statute of limitations.

18 | Id. Similar to TILA, in certain circumstances, the one-year limitation may be subject to equitable

19 | tolling. Guketlov v. Homekey Mortg., LLC, C09-1265JLR, 2009 WL 3785575, at *3 (W.D.

20 | Wash. Nov. 9, 2009).

21 |      Vienxgay's claims under RESPA were filed too late. Viengxay obtained his loan in 2001

22 | and did not file suit until 2012. (Dkt. No. 1 at 7.)  His claim under § 2605(a) is not subject to

23 | equitable tolling and was not brought within three years of the consummation of his loan as

24 |

1  required by RESPA. In addition, he was aware of a problem with his loan by January 2008, four

2  years before this suit. (Dkt. No. 1 at 8.) Even if equitable tolling applies, he was aware of the

3  problem more than one year before filing suit.

4        Khamsing's claims under RESPA were also filed too late. Khamsing obtained his loan in

5  November 2003 and did not file suit until nine years later in 2012. (Dkt. No. 1 at 18.) His claim

6  for improper disclosure under § 2605(e) was not brought within 3 years of the consummation of

7  his loan as required by RESPA. All other claims Khamsing could bring under RESPA are

8  outside of their one-year limitations period, and his prior suit shows that he was aware of the

9  improprieties associated with his loan by 2010, more than one year before he filed this suit.

10        The Court GRANTS Defendant's motion and DISMISSES Plaintiffs' RESPA claims

11  with prejudice.

12     D.  FCRA

13        Plaintiffs fail to adequately claim that the actions of First Horizon or any defendant

14  violated the FCRA. (Dkt. No. 1 at 21.)

15        The FCRA strives to ensure accuracy and fairness in credit reporting, and imposes two

16  sets of duties on providers of information under 15 U.S.C. §§ 1681s-2(a) and (b). Only 15 U.S.C.

17  § 1681s-2(b) provides a private right of action for violations of its duties. See  Krieg v. Allstate

18  Fin. Servs., 250 F. App'x 830 (9th Cir. 2007) (unpublished). Before a plaintiff can state a claim

19  under section 1681s-2(b), he must allege that he provided proper notice to a credit reporting

20  agency that he disputed the information provided by First Horizon. Id.

21        Plaintiffs' claim under the FCRA fails to meet the prerequisite requirement of properly

22  notifying a credit reporting agency that they disputed information provided by First Horizon. The

23  complaint does not allege that the Plaintiffs provided any notice to a credit reporting agency. In

24

ORDER GRANTING FIRST HORIZON / FIRST
TENNESSEE BANK (FTB)'S MOTION TO
DISMISS- 6

1   fact, their reply indicates that they do not believe they should have to. (Dkt. No. 9 at 15.)

2   Because Plaintiffs failed to fulfill the prerequisite requirements under the FCRA, the Court

3   GRANTS Defendant's motion and DISMISSES Plaintiffs' FCRA claims with prejudice.

4       E.   FDCPA

5       Plaintiffs' FDCPA claim was filed too late and is time-barred. An action to enforce

6   liability may be brought within one year of the date in which the violation occurs. 12 U.S.C. §

7   1692k(d). The one year period starts when "the plaintiff knows or has reason to know of the

8   injury which is the basis of the action." Mangum v. Action Collection Serv., Inc., 575 F.3d 935,

9   940 (9th Cir. 2009) (internal quotations omitted). Here, Viengxay was aware that he possessed a

10  potential claim by 2008. Furthermore, Khamsing had brought suit by 2010. Both claims were

11  filed after the one-year statutory period.

12      The Court GRANTS Defendant's motion and DISMISSES Plaintiffs' FDCPA claims

13  with prejudice.

14      F.   CPA

15      Only Vienxgay directly asserts a CPA claim, which was filed too late and is time-barred.

16  All CPA claims must be filed within four years of the event giving rise to the claim.  RCW

17  19.86.120. His claim stems from events occurring at the origination of the loan, such as the lack

18  of disclosure of the interest rate.  Vienxgay's loan is outside the statutory period as its origination

19  was in 2001.  Thus, Court GRANTS Defendant's motion and DISMISSES Plaintiffs' CPA

20  claims with prejudice.

21      G.   Fraud

22      Both Plaintiffs' claims for fraud are subject to dismissal. Viengxay's claims for fraud

23  were also filed too late. An action for fraud must be filed within three years of its discovery.

24

ORDER GRANTING FIRST HORIZON / FIRST
TENNESSEE BANK (FTB)'S MOTION TO
DISMISS- 7

RCW 4.16.080. Viengxay developed awareness of the fraudulent activity by 2008, and thus, his claim is one year outside the statutory period and it is time-barred. Khamsing does not state in the complaint when he became aware of the fraud. Instead it is only known that he filed suit for the first time in April 2010. While his claim may not be barred by time, he did not plead facts with enough particularity to satisfy the heightened pleading standard of 9(b). The Court DISMISSES Vienxgay's claim with prejudice because it was filed too late, and DISMISSES Khamsing's claim without prejudice because he did not plead fraud with particularity.

H. <u>State Law Claims</u>

The Defendant also contends it is not a "collection agency" under state law. <u>See</u> RCW 19.16 et. seq. Since property disputes are more properly addressed in state court, the Court declines to reach this issue. In addition, the Court only had jurisdiction over Plaintiffs' state law claims because they alleged federal law claims which could satisfy original jurisdiction under 28 U.S.C. § 1331. All the federal claims were filed too late and are dismissed. Thus, the Court does not have original jurisdiction under 28 U.S.C. § 1331 and Plaintiffs' did not allege diversity jurisdiction under 28 U.S.C. § 1332. The Court could only have supplemental jurisdiction over these claims under 28 U.S.C. § 1367. Under 28 U.S.C. § 1367(c) a court may decline jurisdiction over remaining state law claims "when it has dismissed all claims over which it has original jurisdiction."

The court exercises its discretion and DECLINES supplemental jurisdiction over the remaining state law claims under RCW 19.16 et. seq. The Court DISMISSES them without prejudice, but without leave to amend, as it does not have jurisdiction over such claims.

\\

\\

ORDER GRANTING FIRST HORIZON / FIRST
TENNESSEE BANK (FTB)'S MOTION TO
DISMISS- 8

1

**Conclusion**

2          Plaintiffs' have failed to plead viable federal law claims. Plaintiffs' TILA, RESPA,

3    FDCPA, and CPA claims are time-barred, as is Vienxgay's fraud claim.  Plaintiffs have not met

4    the prerequisites for the FCRA claim and the Court declines supplemental jurisdiction over the

5    remaining state law claims. The Court GRANTS Defendant's motion and DISMISSES the case

6    in full. All pending motions are STRICKEN and the matter shall be closed.

7          The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

8          Dated this 19th day of June, 2012.

9

10

11          _____

12          Marsha J. Pechman
            United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING FIRST HORIZON / FIRST
TENNESSEE BANK (FTB)'S MOTION TO
DISMISS- 9